DANIEL BUNKER *versus* MARY ATHEARN, *Adm'x.*

It is an essential attribute of a promissory note, that it be payable in money.

An instrument in writing, acknowledging the receipt of money from the plaintiff, and promising to pay it upon a note due from him to a third person, and cause it to be indorsed thereon, requires no more than that the promisor should cause the *indorsement to be made.* As he *might* do this *without* the payment of money, his promise does not constitute a promissory note.

An obligation by the administrator of such a promisor, to indemnify the plaintiff for having delivered such money to the promisor, gives no new vigor to the original promise, nor takes it out of the statute of limitations.

A mere *acknowledgment* made by an administrator, of the intestate's indebtedness, will not remove the statutory limitation bar.

ON REPORT from *Nisi Prius*, HATHAWAY, J., presiding.

ASSUMPSIT, commenced October 2, 1852, upon the following instrument, signed by the defendant's intestate, and attested by a subscribing witness.

"For valuable consideration, this day to me paid by Daniel Bunker, of Anson, the receipt whereof I hereby acknowledge, I hereby undertake, promise and agree to pay for the said Bunker, two hundred dollars, and to have the same indorsed upon a note given by said Bunker to Benjamin Hilton, Jr., or George Athearn, together with interest on the same sum from this to the date of the indorsement upon said note, said note dated about the first of the year 1832, and was made payable

in five years, and I do further agree with the said Bunker, that if I do not procure the indorsement as aforesaid, within six months from the time the said note becomes due, to pay him the said sum of two hundred dollars, with interest from this time.

"Anson, April 9, 1836."

The plaintiff also introduced a bond under seal, made by this defendant as administratrix, in the penal sum of $500. This bond was never delivered to the plaintiff, but was lodged in the probate office, from which it was taken merely to be used as evidence in this suit. It was conditioned that, " whereas, in the beginning of the year 1832, the said Bunker gave his promissory note to one George Athearn, or Benjamin Hilton, Jr., for the sum of ———— dollars, and afterwards on the ninth day of April, 1836, the said Jesse Athearn being then in full life, for a valuable consideration, undertook to cause to be indorsed on said note above described, the sum of two hundred dollars, within six months from that date, and on failure thereof to refund or pay the same sum to said Bunker, with interest, and whereas the said George Athearn had before that time left home on a voyage to sea, and has never since returned, and the above described note has not been found, and the said George is supposed to be dead, and the note is supposed to be lost, and the said Jesse Athearn having received the above sum on account of a debt due him from said George, and had a good right to receive it and to retain it to his own use ; and the administrator of the estate of said Jesse Athearn is ready to account with the legal representatives of said George Athearn, whenever thereto requested.

" Now, therefore, if the said Mary Athearn shall effectually indemnify and save harmless the said Bunker, against any claim that may be made on him on account of the above sum of $200, paid by him to said Jesse Athearn, this obligation is to be void."

The case was submitted to the Court upon an agreement, that if, upon the foregoing testimony, the action is not maintainable, a nonsuit shall be entered.

*Webster*, for the plaintiff.

The instrument declared upon is not within the statute of limitations. It was attested by a subscribing witness, and it is a promissory note.

In order to constitute such a note, no particular form of words is necessary. Chit. on Bills, 9th Am. Ed. 148, 149.

Any promise, which, from the time of making it, cannot be performed without the payment of money, is a promissory note. Bailey on Bills, c. 1, § 2.

The essential qualities of notes are, that they be for the payment of money only, and that such payment be absolute and not contingent, either as to the amount, event, fund or person. Chit. on Bills, 152.

The instrument declared upon in this suit possesses all those requisites. It could be complied with only by the payment of money. If it could be discharged by the procurement of an indorsement on another note, that indorsement could be procured only by the payment of money.

The real import of the paper is, that the signer will pay this plaintiff $200, and interest, with a stipulation by Bunker that, if the signer paid the amount to one of Bunker's creditors, it should be allowed as a payment to Bunker.

It is certainly as near to the ordinary form of a promissory note, as that declared upon in *Grant* v. *Vaughan*, Bur. 1526.

It is no more uncertain or contingent than the note in *Briggs* v. *Lapham*, 12 Metc. 474.

But if the paper cannot be treated as a promissory note, the bond given by the defendant takes the case out of the statute of limitations. It is a renewal of the promise. It is an express, written acknowledgment that the original promise has never been performed.

An admission by an executor or administrator, after six years, that a contract is undischarged, takes the contract out of the statute. *Baxter* v. *Penniman*, 8 Mass. 133; *Brown* v. *Anderson*, 13 Mass. 201; *Emerson* v. *Thompson*, 16 Mass. 429; R. S. c. 146, § 19.

The statute makes no distinction as to the requirements to

renew a promise, whether on the part of the original promisor or his administrator.

*J. S. Abbott,* for the defendants.

WELLS, J. — By the statute, c. 146, § 7, the limitation of six years does not "apply to any action brought upon a promissory note, which is signed in the presence of an attesting witness," &c.

By the statute of 3 and 4 of Anne, c. 9, one of the qualities of a promissory note is, that it must be payable in money. And it has been held uniformly, that it must be payable in money absolutely and unconditionally. Story on Promissory Notes, § 22. If it provides for the performance of some other act, or in the alternative, it loses a distinctive quality of a promissory note. *Cook* v. *Satterlee,* 6 Cowen, 108 ; *Jenney* v. *Herle,* 1 Ld. Ray. 1361 ; *Dennett* v. *Goodwin,* 32 Maine, 44. The Act of 1821, c. 62, § 10, exempted from the operation of the limitation, provided in that Act, attested notes for the payment of money. It is not apparent, that the Legislature intended by the R. S. to alter the law in this respect. And such has been the construction of similar statutes in Massachusetts. *Com. In. Co.* v. *Whitney,* 1 Metc. 21. The term promissory note must have been used in the statute, in the sense in which it had previously been employed to designate a note payable in money. The instrument, upon which the suit is founded, not only provides for the payment of money for the plaintiff, but that the same should be indorsed upon a note given by the plaintiff to Benjamin Hilton or George Athearn, and in case the indorsement is not procured, that the amount should be paid to the plaintiff. The indorsement would have been a satisfaction of the requirements of the instrument, and an act which might have taken place without the payment of money, and it cannot be regarded as a promissory note.

In the defendant's bond to the plaintiff, she recites the circumstances under which the instrument in suit was given, and the undertaking of her husband to procure the indorse-

ment. But she makes no promise to pay it, nor does she admit it to be due. She agrees to indemnify the plaintiff against any claim that may be made on him on account of the money paid by him to her husband. While she does not acknowledge any present indebtedness or promise to repay the money, she makes a new contract merely for the purpose of indemnity, if the plaintiff should be compelled to pay his note. It was not her purpose to give any new vigor to the old, but to create a new contract.

Against the defendant, as administratrix, a mere acknowledgment, from which a new promise might be inferred if made by the debtor himself, would not be sufficient to take the case out of the statute ; there must be an express promise by her to charge the estate. *Oakes* v. *Mitchell, Adm'r*, 15 Maine, 360. The statute, c. 146, § 19, was not intended to enlarge the liability of administrators and executors, but to require written evidence of what had been previously shown by parol testimony. *Plaintiff nonsuit.*

Shepley, C. J., and Howard, Rice and Hathaway, J. J., concurred.